IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YASMINTHERESA GARSIYYA BEY,              ) | |
|                                         ) | |
|     Plaintiff,                          ) | |
|                                         ) | |
|     v.                                  ) | Civil Action No. 24-161-JLH |
|                                         ) | |
| JUSTICE OF THE PEACE COURT 20,          ) | |
| JOHNATHAN SMICKLO, HUNTER               ) | |
| BOARDLEY, DANIEL DEFLAVIIS,             ) | |
| and STATE OF DELAWARE,                  ) | |
|                                         ) | |
|     Defendants.                         ) | |

## REPORT AND RECOMMENDATION

Plaintiff Yasmintheresa Garsiyya Bey ("Plaintiff") filed this civil action against Justice of the Peace Court 20 ("JOP Court"), Johnathan Smicklo ("Smicklo"), Hunter Boardley ("Boardley"), Daniel Deflaviis ("Deflaviis") and the State of Delaware (collectively, "Defendants"). (D.I. 2)[1] Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Complaint be dismissed in the manner set out below.

**I.     BACKGROUND**

---

[1]     Plaintiff titled her filing a "Legal Notice of Removal," not a "Complaint," and she listed the above-referenced Defendants as "Plaintiff(s)" in that document (and herself as "Defendant"). (D.I. 2 at 1) For the reasons set out below, the Court interprets this filing as one attempting to set out federal legal claims against the Defendants relating to a traffic stop that occurred in March 2022. Therefore, the Court will refer to the filing as a "Complaint" and has captioned this opinion in line with the above-referenced understanding of the type of relief being sought here. In any event, were Plaintiff instead attempting to remove her criminal case (discussed below) from the JOP Court to this Court, there would be no basis to do so. *See, e.g., Delaware v. Williams*, Civ. No. 20-1562-CFC, 2021 WL 2936441, at *1 (D. Del. July 13, 2021); *Owens v. Smalls*, Civ. No. 19-384-LPS, 2019 WL 2526726, at *2 (D. Del. June 19, 2019).

Plaintiff's Complaint is difficult to parse. But read fairly, it appears that therein, Plaintiff is taking issue with events that occurred on March 30, 2022. (D.I. 2 at 2) The Complaint asserts that at around 10 o'clock in the evening on that date, Plaintiff (then a New York resident, according to the docket) was traveling in a vehicle on Philadelphia Pike in Wilmington, Delaware. (*Id*.) Plaintiff asserts that at this time, she was "molested, detained, and had private property unlawfully seized by" Smicklo, Boardley and Deflaviis, who are alleged to be State Troopers with Troop 1 of the Delaware State Police. (*Id*.) Plaintiff was thereafter charged with driving without a valid license, failing to provide insurance information and operating an unregistered motor vehicle; this criminal matter was proceeding in the JOP Court as of early 2024. (*Id*.; *see also id*., ex. A) After her arrest, Plaintiff's car was impounded and towed to a lot in Wilmington. (D.I. 2 at 2; *id*, ex. D)

## II.     STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated on other grounds*, *Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to

relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

The Complaint makes (often unclear) reference to various portions of the United States Constitution. (D.I. 2 at 2-3) But in light of its allegations, the Court reads it as attempting to bring claims against Defendants under at least the Fourth and Fourteenth Amendments to the Constitution, pursuant to 42 U.S.C. § 1983 ("Section 1983")—i.e., claims relating to what occurred during and after the March 2022 traffic stop described above. The Court will proceed with this understanding in mind.[2]

The Complaint should be dismissed as to Defendant the State of Delaware, as any such claim against the State is barred by its Eleventh Amendment immunity. *See MCI Telecommc'n Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503 (3d Cir. 2001); *Gamache v. Delaware*, Civ. No. 11-204-LPS, 2011 WL 2198109, at *2 (D. Del. June 6, 2011). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by a citizen of another state, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Gamache*, 2011 WL 2198109, at *2. The State of Delaware has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of Section

---

[2] The Complaint occasionally also mentions the constitutional right to travel. (D.I. 2 at 3) Yet because any such claim is not only not well explained therein, but also because it would be frivolous, *see Newman v. Del. Div. of Motor Vehicles*, Civil Action No. 22-1202-RGA, 2022 WL 17475484, at *2 (D. Del. Dec. 6, 2022), the Court does not further address it herein.

1983. *Brooks–McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Consequently, the claim against the State has no arguable basis in law or in fact, is frivolous, and the Court recommends that it be dismissed with prejudice. *Gamache*, 2011 WL 2198109, at *2.

Similarly, the Complaint should be dismissed as to Defendant the JOP Court. That Court is a state entity and thus also immune from monetary relief under the Eleventh Amendment. *See Aikens v. New Castle Cnty. Police Dept.*, Civil Action No. 21-350-RGA, 2021 WL 5051145, at *2 (D. Del. Nov. 1, 2021) (citing *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005)); *see also Newman v. Del. Div. of Motor Vehicles*, Civil Action No. 22-1202-RGA, 2022 WL 17475484, at *2 (D. Del. Dec. 6, 2022) (same, citing cases). In addition, the JOP Court is not a person as is required to state a Section 1983 claim. *See Aikens*, 2021 WL 5051145, at *2 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court recommends that the Complaint be dismissed as to the JOP Court with prejudice, since amendment is futile as to any claims raised against it. *See id*.

Finally, the Court recommends that the Complaint be dismissed as to Defendants Smicklo, Boardley and Deflaviis, without prejudice to Plaintiff's ability to seek leave to amend. As the Court noted above, it appears that Plaintiff's primary assertion of wrongdoing is that these Defendants improperly "molested[ and] detained" her during the March 2022 traffic stop. (D.I. 2 at 2) The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. U.S. Const. amend. IV; *Maryland v. King*, 569 U.S. 435, 447 (2013). Traffic stops are "seizures" within the meaning of the Fourth Amendment, *Delaware v. Prouse*, 440 U.S. 648, 653 (1979), though police officers are permitted to stop a motorist if they have reasonable suspicion that the person has committed a violation of state traffic laws, *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004). Additionally, an investigatory seizure must be both

justified at its inception and "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968); *see United States v. Johnson*, 592 F.3d 442, 452 (3d Cir. 2010). It may be that Plaintiff is intending to try to make a claim that she was improperly stopped and seized pursuant to the Fourth Amendment, or perhaps that, thereafter, she was improperly arrested and detained, *see Earl v. Harris*, Civil Action No. 22-1026-RGA, 2022 WL 17475482, at *7 (D. Del. Dec. 6, 2022). But even to the extent that she is attempting to do so, the Complaint should be dismissed as to any such Section 1983 claim against the officers. That is because therein, Plaintiff pleads no facts about *why* it is alleged that any stop or arrest/detention was unlawful (e.g., facts regarding what led up to the stop or what occurred during or after it), such that no plausible claim has been alleged here. Because it is not clear to the Court that amendment would be futile, however, the Court recommends that Plaintiff be given an opportunity to seek to amend the Complaint as to such claims.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint be dismissed, and that Plaintiff be given leave to amend as to certain possible claims against Defendants Smicklo, Boardley and Deflaviis, as referenced above.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the

---

[3] If Plaintiff chooses to amend, she should make clear whether the state court criminal claims are still pending against her. *See Montague v. Sherwood*, Civ. No. 13-1969-GMS, 2014 WL 1266550, at *2 (D. Del. Mar. 24, 2014).

loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: May 1, 2025

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE